SUMMARY ORDER
Plaintiff-Appellant Jacob Ancheril appeals from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, Judge) granting summary judgment against him in his suit against the Connecticut Department of Mental Retardation, alleging violations of his rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Ancheril v. State of Ct., No. 3:06-cv-1019, 2008 WL 2324130, 2008 U.S. Dist. LEXIS 43207 (D.Conn. May 30, 2008). We affirm.
We assume the parties’ and counsel’s familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
We agree with the district court that-Ancheril has not properly presented any disputed issue of material fact that would foreclose summary judgment as to his claims that he was discriminated against, see Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir.2008), or otherwise subjected to a hostile work environment, see Patane v. Clark, 508 F.3d 106, 113 (2d Cir.2007).
As to Ancherü’s claims of retaliation, Ancheril claims that he engaged in protected activity by (1) filing a written complaint with the Department of Mental Retardation’s Affirmative Action Office on March 23, 2004, (2) filing a complaint with the Connecticut Commission on Human Rights & Opportunities (“CCHRO”) on May 27, 2004, and (3) complaining to the Farmington Police Department more than once in 2004. We assume that the police complaints, like the other complaints, can constitute protected activity, see, e.g., Worth v. Tyer, 276 F.3d 249, 265 (7th Cir.2001) (“A plaintiff that reports ... conduct [prohibited by Title VII] to the police clearly ‘opposes’ it within the meaning of 42 U.S.C. § 2000e-3(a).”), and that being placed on administrative leave and required to undergo a psychiatric examination would “ ‘dissuade a reasonable worker from making or supporting a charge of discrimination,’ ” Patane, 508 F.3d at 116 *661 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). Nonetheless, under the circumstances presented by this case, no reasonable factfinder could conclude that Ancheril “had a good faith, reasonable belief that [by filing the police complaints] he was opposing an employment practice made unlawful by Title VII.” McMenemy v. City of Rochester, 241 F.3d 279, 285 (2d Cir.2001) (emphasis added). With regard to the administrative and CCHRO complaints, we conclude that An-cheril failed to establish a causal connection between those protected activities and the adverse employment actions of which he complains. See Clark County School District v. Breeden, 532 U.S. 268, 273-74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).
For the foregoing reasons, the judgment is hereby AFFIRMED.