**06-3446-cv**
**Patane v. Clark**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————

August Term, 2007

(Argued: October 4, 2007                            Decided: November 28, 2007)

Docket No. 06-3446-cv

————

ELEANORA M. PATANE,

*Plaintiff-Appellant,*

–v.–

JOHN RICHARD CLARK, HARRY B. EVANS, DAVID STUHR, GEORGINA ARENDACS AND FORDHAM UNIVERSITY,

*Defendants-Appellees.*

————

Before:

CALABRESI, WESLEY, *Circuit Judges*, and BRIEANT, *District Judge.*[*]

————

Appeal from an order of the United States District Court for the Southern District of New York (Conner, *J.*), entered on June 22, 2006, dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[*]The Honorable Charles L. Brieant, United States District Court for the Southern District of New York, sitting by designation.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for proceedings in accordance with this decision.

_____

DRITA NICAJ, Lovett & Gould, White Plains, N.Y., *for Plaintiff-Appellant*.

GAIL S. COLEMAN, U.S. Equal Employment Opportunity Commission, Washington, D.C., *for Amicus Curiae*, in support of Plaintiff-Appellant.

KEVIN J. HARRINGTON & JOHN T. A. ROSENTHAL, Harrington, Ocko & Monk, LLP, White Plains, N.Y., *for Defendants-Appellees*.

_____

PER CURIAM:

Plaintiff-Appellant Eleanora M. Patane appeals from the dismissal of her Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) by the United States District Court for the Southern District of New York (Conner, *J.*). In her Complaint, Plaintiff pressed nine claims[1] against each of the five Defendants-Appellees, John Richard Clark, Harry B. Evans, David Stuhr, Georgina Arendacs and Fordham University ("Fordham"), for discriminatory action, creating a hostile work environment, and retaliatory acts following Plaintiff's initial complaints, in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, New York State Executive Law ("NYSEL") § 296 *et seq.*, and New York City Human Rights Law ("NYCHRL") § 8-101 *et seq.* Plaintiff does not appeal the district court's dismissal of her Title VII claims against the four individual defendants on the grounds that "individuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam). However, Plaintiff appeals the district court's dismissal of her remaining claims for failure to state a claim upon which relief could be granted.

_____

[1] Plaintiff explicitly raised only six claims, but her gender-based discrimination claim can be divided into a discriminatory action claim and a hostile work environment claim.

Taking Plaintiff's allegations as true, as we must, we find that her Complaint asserts claims for a hostile work environment and retaliation in violation of both the federal and state statutes against Defendant Fordham University, and in violation of the state statutes against the four individual Defendants. We vacate the district court's judgment with regard to these claims, and remand for further proceedings consistent with this opinion.

**BACKGROUND**

Plaintiff began working in 1998 as an executive secretary in Fordham University's Classics Department. One of her supervisors was Defendant John Richard Clark, a professor in the Classics Department who was also, at various times during Plaintiff's tenure, the Department's Chair. Plaintiff alleges that, from the beginning, Clark engaged in inappropriate sexually-charged conduct in their workplace.

For instance, Plaintiff alleges that, in 1998, Clark engaged in the gender-based harassment of a female classics professor, Dr. Sarah Peirce. Then, starting in 1999-2000, Clark spent one to two hours every day viewing "hard core pornographic" videotapes on a TV-VCR in his office. Plaintiff claims she was aware of Clark's habit because the flickering from his TV screen was visible through the glass partition of his office and because she once saw numerous pornographic videotapes scattered on the floor of his office when she knocked on his door to announce a visitor.

Plaintiff also alleges that some of Clark's behavior was specifically directed at her. Once, she discovered "hard core pornographic websites" on her computer. She alleges that Clark used her computer to view these sites during his weekend trips to the office. After discovering the sites, she obtained a password to protect her computer and had all of the offensive material deleted. Moreover, Plaintiff alleges that Clark regularly had videotapes "concerning masochism and sadism" shipped

to the office, which, as his secretary, she was responsible for opening and delivering to his mailbox.

Sometime before 2001, Plaintiff showed one of the videotapes delivered to Clark's office to Defendant Georgina Arendacs, the Director of the Equity and Equal Opportunity ("EEO") Department at Fordham's Bronx campus, who was charged with handling discrimination claims. Arendacs took no remedial action beyond reporting Plaintiff's complaint to Defendant David Stuhr, the Associate Vice-President of Academic Affairs at Fordham's Bronx campus. Plaintiff continued to report Clark's behavior to Arendacs and Stuhr throughout 2004 – including showing them the collection of thirty-six pornographic videotapes that Clark kept in his office.

Plaintiff alleges that, by 2001, Clark was "clearly aware" that she had reported his behavior and began to retaliate against her. He "removed virtually all of her secretarial functions, kept her entirely out of the departmental information 'loop,' refused to speak to her, and communicated with her only by e-mail." Indeed, Plaintiff alleges that Defendant Harry B. Evans, another professor in the Classics Department and Clark's friend, advised Clark not to "give [Plaintiff] any more work" in order to "make her leave."

In the fall of 2004, Evans became the Chair of the Classics Department and, Plaintiff alleges, he continued Clark's campaign of retaliation. Plaintiff contends that Evans sought to take disciplinary action against Plaintiff on the pretext that she had inaccurately prepared a time sheet; he constantly monitored her whereabouts and picked up her telephone; and he issued a negative performance evaluation, which Plaintiff alleges was materially false.

On November 10, 2004, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Notice of Right to Sue, which she received on September 9, 2005. On December 6, 2005, Plaintiff filed the

Complaint which is the subject of the instant appeal. Shortly thereafter, the Defendants moved to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) and, in the alternative, to strike certain allegations from the Complaint pursuant to FRCP 12(f). On June 21, 2006, the district court (Conner, *J.*) granted Defendants' motion to dismiss the Complaint in its entirety for failure to state a claim upon which relief could be granted, declined to reach Defendants' 12(b)(1) motion, and found their 12(f) motion to be moot. *Patane v. Clark*, 435 F. Supp. 2d 306, 309 & 319 (S.D.N.Y. 2006). This appeal followed.

**DISCUSSION**

Plaintiff now appeals the district court's dismissal of her federal and state claims against Fordham, and of her state claims against the four individual Defendants.[2] She argues that her Complaint states claims for: (1) gender-based discriminatory action in violation of Title VII, NYSEL, and NYCHRL; (2) the creation of a hostile work environment in violation of Title VII, NYSEL, and NYCHRL; and (3) retaliation in violation of Title VII, NYSEL, and NYCHRL.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim pursuant to FRCP 12(b)(6). *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). We must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

On a motion to dismiss, the issue is "whether the claimant is entitled to offer evidence to

---

[2] Plaintiff also appeals the district court's consideration of material "extraneous" to her Complaint – namely, the employee appraisal form that she referenced in her Complaint – without converting Defendants' motion to dismiss into a motion for summary judgment as required by FRCP 12(b). This Court has held that a complaint includes "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). Thus, the district court was correct to treat the appraisal form as part of Plaintiff's Complaint, because she referenced it in the Complaint and relied upon it in stating her claims for retaliation.

support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman*, 220 F.3d at 88.

**I**

The *sine qua non* of a gender-based discriminatory action claim under Title VII is that "the discrimination must be *because of* sex." *Leibovitz v. N. Y. City Transit Auth.*, 252 F.3d 179, 189 (2d Cir. 2001). "It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). Moreover, to be actionable under Title VII, the action that is alleged to be gender-based must rise to the level of an "adverse employment . . . action." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005). We have explained that an action must cause a "materially adverse change in the terms and conditions of employment," and not just "mere inconvenience," in order to qualify as "adverse." *Fairbrother v. Morrison*, 412 F.3d 39, 56 (2d Cir. 2005)(internal quotation marks and citations omitted). In the instant case, the district court was correct to conclude that Plaintiff failed to state a claim for discriminatory action in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, because she failed "to plead any facts that would create an inference that any [adverse] action taken by . . . [any] defendant was based upon her gender."[3] *Patane*, 435 F.

---

[3] This reason given by the district court for dismissing Plaintiff's claim is, by itself, legally sufficient. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). This is notwithstanding the fact that there is some

Supp. 2d at 315.

Plaintiff's Complaint does not allege that she was subject to any specific gender-based adverse employment action by Clark or any of the other defendants, nor does it set forth any factual circumstances from which a gender-based motivation for such an action might be inferred.[4] It does not, for instance, allege that Clark (or any of the other defendants) made any remarks that could be viewed as reflecting discriminatory animus. *See, e.g.*, *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992). Nor does it allege that any male employees were given preferential treatment when compared to Plaintiff.[5] *See, e.g.*, *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981). Indeed, the only specific employment actions that might qualify as "materially adverse"– being stripped of "virtually all of her secretarial functions" – Plaintiff characterizes as retaliatory and not gender-based.

Because "a complaint must include . . . a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to avoid dismissal under FRCP 12(b)(6), and because Plaintiff's Complaint fails to do so with

---

question as to whether the district court applied the correct standard of review to Plaintiff's Complaint, because it recounted the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), standard for establishing a prima facie case at the beginning of its discussion of Plaintiff's discriminatory action claim. *Patane*, 435 F. Supp. 2d at 314; *see Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (*McDonnell Douglas* standard inappropriate in 12(b)(6) context). Nonetheless, as the district court noted, Plaintiff failed to allege even the basic elements of a discriminatory action claim.

[4] We consider Plaintiff's claim for a gender-based hostile work environment separately below.

[5] Neither Plaintiff's Complaint nor her brief sets forth a disparate impact-based claim for discriminatory action. There is no need to consider the plausibility of such a claim in these circumstances.

regards to her Title VII discriminatory action claim, that claim was properly dismissed by the district court.[6] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks and citation omitted) (discussing FRCP 8(a)(2)). As a result, Plaintiff's discriminatory action claims under NYSEL § 296 *et seq.* and NYCHRL § 8-101 *et seq.* must also be dismissed against all of the Defendants. New York courts examine claims under those statutes with the same analytical lens as corresponding Title VII-based claims. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000) (citing *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264 n.1 (2d Cir.1999) (state law); *Landwehr v. Grey Adver. Inc.*, 211 A.D.2d 583, 583 (N.Y. 1st Dep't 1995) (city law)).

## II

To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) "is objectively severe or pervasive – that is, . . . creates an environment that a reasonable person would find hostile or abusive"; (2) creates an environment "that the plaintiff subjectively perceives as hostile or abusive"; and (3) "creates such an environment because of the plaintiff's sex." *See Gregory v. Daly*, 243 F.3d 687, 691-92 (2d Cir. 2001) (internal citations and punctuation omitted). Because Plaintiff has pled facts sufficient to satisfy each prong of this test, the district court erred in dismissing her hostile work environment-related claims.

---

[6] Plaintiff argues that in the event that her Complaint failed to state a claim, the district court still erred in failing to provide her with an opportunity to amend it pursuant to FRCP 15(a). We review a district court's denial of a motion for leave to amend for abuse of discretion. *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999). A district court may properly deny a motion to amend when it finds that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the instant case, the district court did not abuse its discretion in determining that any amendment of Plaintiff's gender-based discriminatory action claim would be futile.

The district court concluded that Plaintiff's Complaint did not assert that the work environment was *objectively* hostile. *Patane*, 435 F. Supp. 2d at 316. The Supreme Court has held that a work environment's hostility should be assessed based on the "totality of the circumstances." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Factors that a court might consider in assessing the totality of the circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) "whether it unreasonably interferes with an employee's work performance." *Id.* Ultimately, to avoid dismissal under FRCP 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she was faced with "harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse," and "we have repeatedly cautioned against setting the bar too high" in this context. *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003) (emphasis omitted).

Specifically, the district court concluded that Plaintiff failed to allege that she faced an objectively hostile work environment, "because [she] never saw the videos, witnessed Clark watch the videos, or witnessed Clark performing sexual acts." *Patane*, 435 F. Supp. 2d at 316. However, Plaintiff *does* allege that she regularly observed Clark watching pornographic videos. This Court has specifically recognized that the mere presence of pornography in a workplace can alter the "status" of women therein and is relevant to assessing the objective hostility of the environment. *Wolak v. Spucci*, 217 F.3d 157, 160-61 (2d Cir. 2000). Moreover, Plaintiff alleges that she was regularly required to handle pornographic videotapes in the course of performing her employment responsibilities of opening and delivering Clark's mail; and that she once discovered hard core pornographic websites that Clark viewed on *her* workplace computer. Combined with Plaintiff's

other allegations regarding Clark's sexually inappropriate behavior in the workplace, including her allegation regarding his earlier harassment of Dr. Peirce, *see Cruz*, 202 F.3d at 571 (holding that discriminatory behavior not directed at plaintiff can still contribute to the creation of an overall hostile work environment), and with Fordham's failure to take any action notwithstanding Plaintiff's numerous complaints, a jury could well conclude that Plaintiff was subject to frequent severely offensive conduct that interfered with her ability to perform her secretarial functions. *See Torres v. Pisano*, 116 F.3d 625, 631 (2d Cir. 1997) (concluding that "general allegations of constant abuse" create a jury question as to severity and pervasiveness "even in the absence of specific details about each incident"). Though whether a particular work environment is objectively hostile is necessarily a fact-intensive inquiry, we conclude that Plaintiff has alleged sufficient facts to be "entitled to offer evidence to support [her] claim[]." *See Scheuer*, 416 U.S. at 236.

Defendants also argue that Plaintiff has not alleged that the harassing conduct was *aimed at her* – let alone aimed at her *because of her sex*. However, some of the conduct that Plaintiff has alleged was undoubtedly aimed at her – for instance, the hard core pornographic websites on her computer and the pornography-containing mail that Clark knew she was responsible for handling. Moreover, a plaintiff need only allege that she suffered a hostile work environment because of her gender, not that all of the offensive conduct was *specifically* aimed at her. In *Petrosino v. Bell Atlantic*, we recognized that sexually charged conduct in the workplace may create a hostile environment for women notwithstanding the fact that it is also experienced by men. 385 F.3d 210, 223 (2d Cir. 2004). In that case, we endorsed the Fourth Circuit's reasoning in *Ocheltree v. Scollon Products., Inc.*:

> The employer contended that the offensive conduct could not be deemed

-10-

discriminatory based on sex "because it could have been heard [or seen] by anyone present in the shop and was equally offensive to some of the men." The court disagreed, concluding that a jury could find "[m]uch of the conduct . . . particularly offensive to women and . . . intended to provoke [plaintiff's] reaction as a woman."

*Id.* at 222 (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 332 (4th Cir. 2003) (*en banc*) (alterations in original; internal citations omitted)). As in *Ocheltree*, Plaintiff pleads facts sufficient to allow a jury to find much of Clark's complained of conduct particularly offensive to women and intended to provoke Plaintiff's reaction as a woman.

Because Plaintiff has pled facts sufficient to satisfy all three prongs of the test for a hostile work environment in violation of Title VII, we vacate the district court's dismissal of her claim against Fordham, and remand for proceedings consistent with this opinion. As a result, we also vacate and remand the district court's dismissal of all of Plaintiff's NYSEL and NYCHRL-based hostile work environment claims.[7] *See Cruz*, 202 F.3d at 565 n.1.

**III.**

To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action. *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004). In the instant case, the district court erred in dismissing Plaintiff's retaliation-related

[7] The district court dismissed Plaintiff's NYSEL and NYCHRL claims against Defendants Stuhr and Arendacs on the grounds that New York law requires employer/principal liability (*i.e.*, Fordham, Clark and/or Evans) to be established before an individual without the power to hire or fire a plaintiff can be held liable as an aider and abettor. *Patane*, 435 F. Supp. 2d at 317-18; *see DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) (citing *Murphy v. ERA United Reality*, 251 A.D.2d 469, 471 (N.Y. 2d Dep't 1998)). Because we vacate and remand the district court's dismissal of Plaintiff's claims against Fordham, Clark, and Evans, we also vacate and remand the court's dismissal of her claims against Stuhr and Arendacs.

claims, because she has sufficiently alleged that: (1) Defendants were aware that she complained to Arendacs, and later Stuhr, about the harassment she faced from Clark and Evans; (2) Clark stripped her of virtually all of her secretarial duties (among other retaliatory actions taken by Clark and Evans); and (3) there was a causal connection between the above two occurrences.

Defendants contend that Plaintiff has not pled facts in support of her claim that Clark knew that she reported his conduct to Arendacs and Stuhr, as required by the first prong. Defendants are wrong. First, Plaintiff does allege facts from which a reasonable inference of Clark's knowledge could be drawn: she complained about Clark's conduct to a Fordham employee whose job it was to investigate and resolve such complaints. *See also Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (holding that the notice pleading rules "do not require a plaintiff to plead the . . . facts . . . underlying his claim"). It is not inappropriate at this stage in the litigation to assume that in investigating Plaintiff's complaint, Arendacs made Clark aware of its existence. And, second, "[n]either this nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity." *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (quoting *Gordon v. N. Y. City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000)). In the instant case, Plaintiff has certainly pled facts showing that Fordham was aware of her protected activity, since she alleges that she complained directly to a university employee.

The district court faulted Plaintiff for not specifying the "severity or degree" of Clark's alleged retaliatory reduction of her job responsibilities, and concluded that, as pled, that reduction did not rise to the level of adverse employment action required to satisfy the second prong. *Patane*, 435 F. Supp. 2d at 317. The district court's conclusion is flawed for several reasons. First, Plaintiff's

allegation that Clark removed "virtually all of her secretarial functions" in response to her reporting his conduct to Arendacs was both specific enough and severe enough to qualify as an adverse employment action at the time the district court issued its opinion.[8] Only a statement of facts so conclusory that it fails to give notice of the basic events and circumstances on which a plaintiff relies should be rejected as legally insufficient under 12(b)(6). *See, e.g.*, *Martin v. N. Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) (per curiam). There is no question that Plaintiff's factual statement is detailed enough to avoid dismissal under this standard. Moreover, we have specifically recognized "significantly diminished material responsibilities" as the sort of employment action "sufficiently disadvantageous to constitute an adverse employment action" in a Title VII case. *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004) (citing *Galabya v. N. Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)) (discussing Title VII's discriminatory action provision).

Second, in a decision issued the day after the district court's in the instant case, the Supreme Court held that the scope of Title VII's anti-retaliation provision is broader than that of its discriminatory action provision, and that any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination" could constitute retaliation. *Burlington N. & Sante Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2409 (2006). In addition to her allegations about her reduction in job responsibilities, Plaintiff alleges that Clark and Evans specifically conspired to "not give [her] work" in order to "make her leave." These allegations surely meet *Burlington Northern*'s standard. Any reasonable employee that believed that her employers would engage in a concerted

---

[8] In the particular circumstances of this case, plaintiff's other allegations regarding Clark's retaliatory conduct, including that he "kept her entirely out of the departmental information 'loop,'" would not have been sufficient, on their own, to constitute retaliation.

effort to drive her from her job if she engaged in Title VII protected activity would think twice about doing so. Defendants' argument to the contrary – that because Plaintiff herself was not dissuaded from again reporting Clark's harassment, the complained of conduct could not have been retaliatory under *Burlington Northern* – is entirely unconvincing, since it would require that *no* plaintiff who makes a second complaint about harassment could *ever* have been retaliated against for an earlier complaint.

Finally, Defendants argue that Plaintiff does not adequately allege the sort of causal connection between her protected activity and Defendants' retaliation required by the third prong, because "[w]hile a plaintiff may allege [such] a causal connection . . . through temporal proximity, case law requires that such proximity in time must be 'very close.'" Defendants argue that, in the instant case, Plaintiff fails to allege such proximity because there was a year between when she first reported Clark's conduct to Arendacs in 2000 and Clark's removal of her secretarial functions in 2001. Even setting aside the fact that a date in 2000 may be as proximate to a date in 2001 as one day, Plaintiff's claim of causal connection is not based only – or even primarily – on temporal proximity. Instead, Plaintiff alleges that she specifically overheard Clark and Evans conspiring to drive her out of her job and that Evans issued a negative performance review that specifically complains about her attitude towards Clark.

Because Plaintiff has pled facts sufficient to satisfy all three prongs of the test for retaliation in violation of Title VII, we vacate the district court's dismissal of her claim against Fordham, and remand for proceedings consistent with this opinion. We also vacate and remand the district court's dismissal of Plaintiff's NYSEL and NYCHRL-based retaliation claims against all Defendants. *See Cruz*, 202 F.3d at 565 n.1.

# CONCLUSION

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED to the district court for proceedings in accordance with this decision.