09-0993-cv
Boccardi Capital Systems v. D.E. Shaw Laminar Portfolios

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT:
>
>         JOHN M. WALKER, JR.,
>         REENA RAGGI,
>                 *Circuit Judges*,
>         JED S. RAKOFF,
>                 *District Judge.*[*]

------------------------------------------------------------

BOCCARDI CAPITAL SYSTEMS, INC.,

>         *Plaintiff-Appellant*,

>    v.                                                      No. 09-0993-cv

D.E. SHAW LAMINAR PORTFOLIOS, L.L.C.,

>         *Defendant-Appellee.*

------------------------------------------------------------

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:     RUSSELL I. GLAZER (Kathleen E. Holtz, *on the brief*), Troygould PC, Los Angeles, California.

APPEARING FOR APPELLEE:      MICHAEL RIPS (John D. Lovi, Lara E. Romansic, Justin B. Perri, *on the brief*), Steptoe & Johnson LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 9, 2009, is AFFIRMED.

Boccardi Capital Systems, Inc. ("Boccardi") appeals the dismissal of this diversity action asserting common-law claims against D.E. Shaw Laminar Portfolios, L.L.C. ("Shaw") based on the failure of the parties' contemplated joint takeover of Riviera Holding Corporation ("Riviera"), a hotel and casino operator. We review a Rule 12(b)(6) dismissal de novo, "constru[ing] [the] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Breach of Contract

Boccardi contends that the district court erred in ruling that it failed to plead facts

2

sufficient to state a claim for Shaw's breach of a "Confidentiality and Use Restriction Agreement" (the "Agreement"). Boccardi asserts that, pursuant to the Agreement, it provided Shaw with confidential information, including its business plan for acquiring control of Riviera, in exchange for which Shaw promised not to divulge the information or use it other than in connection with the planned joint takeover. The complaint alleges that Shaw breached the Agreement by purchasing blocks of Riviera stock and later making a public bid for the company while refusing to permit Boccardi to exercise purported options to purchase a portion of its stake or to vote its shares.

Boccardi's claim for breach of contract was properly dismissed. As the district court observed, the complaint itself asserts that Shaw purchased Riviera stock with Boccardi's "assistance and advice," and "in association with" Boccardi. Am. Compl. ¶ 24. Boccardi does not dispute that it acquiesced in the purchase; rather, it contends that it did so based "on conditions that never materialized," Appellant's Br. at 27, an apparent reference to its expectation of a further agreement regarding options. But such an agreement never materialized, and Shaw is not bound by Boccardi's mere expectation that it would. See Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher, 52 N.Y.2d 105, 109, 417 N.E.2d 541, 543 (1981) (noting that "agreement to agree" is unenforceable).

Nor does the complaint allege facts indicating that Shaw relied on Boccardi's confidential information in making its subsequent public bid for Riviera. Boccardi claims to have advised Shaw that such a bid would cause the share price to increase, but even if

3

Shaw relied upon this unextraordinary prediction, no factfinder could conclude that it constituted <u>confidential</u> information within the meaning of the Agreement, which expressly excluded from that definition "information . . . generally available to the public." <u>Cf.</u> <u>Buhler v. Michael P. Maloney Consulting, Inc.</u>, 299 A.D.2d 190, 191, 749 N.Y.S.2d 867, 868 (1st Dep't 2002) (holding that contact list based on, <u>inter alia</u>, "information that was publicly available" did not qualify as trade secret).

Because we conclude that Boccardi fails to state a claim for breach of the Agreement, we need not address its contention that it is now entitled to a share of Shaw's profits from the acquired stock. <u>See</u> Appellant's Br. at 32 (claiming that Shaw "was not at liberty to keep for itself the property it obtained by using the information"). We note, however, that the Agreement required Shaw to use Boccardi's information only to advance the planned joint takeover and to return or destroy the <u>information</u> if it decided not to participate. The Agreement did not require Shaw to divest itself of property in that event.

Our conclusion that Boccardi has failed sufficiently to allege a breach of contract compels a similar conclusion respecting its claim, grounded in the same factual predicate, for breach of the implied duty of good faith and fair dealing. <u>See</u> <u>National Mkt. Share, Inc. v. Sterling Nat'l Bank</u>, 392 F.3d 520, 525 (2d Cir. 2004) ("In New York, breach of the implied duty of good faith and fair dealing is merely a breach of the underlying contract." (internal quotation marks omitted)); <u>see also</u> <u>Murphy v. Am. Home Prods. Corp.</u>, 58 N.Y.2d 293, 304, 448 N.E.2d 86, 91 (1983).

2.    Breach of Fiduciary Duty

We also agree with the district court that Boccardi failed adequately to plead the existence of a fiduciary relationship between itself and Shaw.  "A fiduciary relationship exists under New York law when one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."  Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir. 1991) (internal quotation marks omitted).  However, "[w]hen parties deal at arm[']s length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances."  In re Mid-Island Hosp., Inc., 276 F.3d 123, 130 (2d Cir. 2002) (internal quotation marks omitted).  No such circumstances are pleaded here.

The complaint alleges that Shaw owed Boccardi a fiduciary duty because Shaw agreed to act as its "underwriter, investment banker and financier."  Am. Compl. ¶ 42.  As the district court correctly observed, however, the complaint's factual allegations, if proved, would not establish that Shaw agreed to act as Boccardi's "financier"; rather, Boccardi expected to finance its own participation.  See id. ¶¶ 19-21.  Nor would Shaw's receipt of confidential information, without more, transform it into Boccardi's fiduciary.  The cases Boccardi cites in support of this contention are distinguishable.  See, e.g., JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116, 2009 WL 321222, at *10, 12 (S.D.N.Y. Feb. 9, 2009) (holding duty existed where alleged fiduciary received "a great deal of highly confidential and sensitive information," cultivated relationships with principal's employees,

5

and acted as principal's adviser "in a position of extraordinary trust" (internal quotation marks omitted)). There is no allegation that Shaw agreed to "act for or to give advice for the benefit of" Boccardi. Flickinger v. Harold C. Brown & Co., 947 F.2d at 599. Rather, Boccardi claims that the parties "work[ed] together to acquire control of Riviera." Am. Compl. ¶ 28. Finally, Boccardi has not sufficiently alleged the existence of a joint venture in light of its failure to plead facts suggesting it would have shared in any loss resulting from Shaw's investment in Riviera. See Brown v. Cara, 420 F.3d 148, 159-60 (2d Cir. 2005).

3.     Constructive Trust and Unjust Enrichment

Boccardi's quasi-contractual claims, seeking imposition of a constructive trust and recovery under a theory of unjust enrichment, are precluded by the existence of an express written agreement governing the subject matter at issue, i.e., Boccardi's confidential information. See In re First Cent. Fin. Corp., 377 F.3d 209, 213 (2d Cir. 2004) ("[W]e conclude that this principle – that the existence of a written agreement precludes a finding of unjust enrichment – also applies to constructive trust claims . . . ."); City of Yonkers v. Otis Elevator Co., 844 F.2d 42, 48 (2d Cir. 1988) ("Our disposition of the contract claim also disposes of the quasi-contractual cause of action, because such relief is unavailable where an express contract covers the subject matter."); Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193 (1987).

4.     Leave To Amend

Finally, Boccardi contends that the district court should have afforded it a second

opportunity to amend its complaint.  Ordinarily, we review a denial of leave to amend for abuse of discretion.  See Patane v. Clark, 508 F.3d 106, 113 n.6 (2d Cir. 2007).  In this case, Boccardi never requested leave.  Nor has it shown that amendment would have permitted it to survive dismissal.  The additional facts it proffers, if proved, might demonstrate injury following Shaw's conduct, but not that Shaw breached the Agreement.  The allegation that Shaw advised Boccardi not to seek other financing is contradicted by the complaint.  And the bare promise that Shaw would "act to protect [its] interests" would be insufficient, even if proven, to demonstrate the "extraordinary circumstances" required for the creation of a fiduciary relationship.  In re Mid-Island Hosp., Inc., 276 F.3d at 130 (internal quotation marks omitted).  Thus, the district court did not err by dismissing the complaint without granting leave to amend.  See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 76 (2d Cir. 1998).

We have considered Boccardi's remaining arguments on appeal, and we conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

7