Ortiz v. Metropolitan Transportation Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fifteen.

PRESENT: JON O. NEWMAN,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

MICHELLE ORTIZ,
         Plaintiff-Appellant,

         -v.-                                        14-3992

METROPOLITAN TRANSPORTATION AUTHORITY,
JOHN D'AGOSTINO, SWAREN JATINDRANATH,
JOHN BERLINGIERI, KAREN TAYLOR,
ROSALIE GRASCIA, GARY HOYSRADT,
GILBERT MACHADO, ELIZABETH BRODERICK,
JOHN LESTER, MICHAEL PIZZO, MARY
O'BRIEN, HANK LOEFFEL, DIANE NASH,
ROBERT TERRETT, and JOSEPH MARTELLI,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**               ALAN E. WOLIN, Wolin & Wolin, Jericho, New York.

**FOR APPELLEES:**               HELENE R. HECHTKOPF (Ira J. Lipton, on the brief), Hoguet Newman Regal & Kenney, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Michelle Ortiz appeals from the judgment of the United States District Court for the Southern District of New York (Broderick, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We affirm for substantially the reasons stated by the district court in its thorough Memorandum and Order of September 30, 2014.

**1.** Most of Ortiz's claims are time-barred, including: (1) the Title VII claims that arise from events taking place before March 26, 2011; (2) the § 1983 claims that arise from events taking place before February 14, 2010 and the § 1981 claims that arise from events taking place before February 14, 2009; and (3) the state-law claims that arise from events taking place before April 15, 2009.

With a single exception (discussed below), Ortiz's argument that the "continuing violation" doctrine excuses her untimely filing is unavailing: "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993), overruled in part on other grounds by Greathouse v. JHS Sec. Inc., 784 F.3d 105, 117 (2d Cir. 2015).

Ortiz's hostile-work environment claims, however, are timely under the "continuing violation" doctrine, and conduct outside the limitations period may be considered.

2

See Nat'l R.R. Passenger Corp v. Morgan, 536 U.S. 101, 105 (2002) ("[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period.").

**2.** On the merits, the district court properly granted summary judgment on the hostile work environment claims. Any workplace misconduct here was insufficiently "severe or pervasive" to create a hostile work environment. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007). Moreover, most of the complained-of conduct bears no apparent connection to Ortiz's sex, race, or national origin.

**3.** As to the remaining discrimination claims--including but not limited to Ortiz's claims relating to assignment to a hazardous post, excessive scrutiny and "micromanagement" of Ortiz's work by her supervisors, and denial of a non-monetary award--the district court correctly held that none qualified as adverse employment actions. Some of the instances of alleged discrimination could, theoretically, have qualified as adverse employment actions on different facts--if, say, there were evidence that a non-monetary award is critical to career advancement in this particular workplace. But there is insufficient evidence in the summary judgment record for a reasonable jury to find for Ortiz on any of these claims.

**4.** Ortiz's remaining retaliation claims all fail. Among other reasons, there is no evidence that any of the alleged retaliatory acts had any causal connection to protected activity.

**5.** Ortiz's (timely) discrimination claims under 42 U.S.C. § 1981 and under the New York State (and New York City) Human Rights Laws, allege (1) excessive supervision and (2) rejection of her application to work in a K-9 unit. Both of these claims fail on the merits, for the reasons stated by the district court. Although the standards applicable to the New York City Human Rights Law are not the same as those applicable to federal law, the record is insufficient to create a triable issue under the standards of the City's law.

**\* \* \***

For the foregoing reasons, and finding no merit in Ortiz's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
