Allyn v. Rockland Cnty.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN
> *Chief Judge*,
> JOSÉ A. CABRANES,
> *Circuit Judge,*
> LEWIS A. KAPLAN, *
> *District Judge.*

---

Glenn B. Allyn,

> *Plaintiff-Appellant*,

Marianne Allyn,

> *Plaintiff*,

> v.                                                           15-1749

Rockland County, The Rockland County District Attorneys Office, Rockland County Sheriff, and the following employees, agents and/or representatives of the above entities to be named individually as well as employees, agesnt, servants, ETC of the above entitites, Thomas P. Zugibe, Gary Lee Heavner, Gia Morris, Martin Ancin,

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:          GLENN B. ALLYN, pro se, White Plains, New York.

FOR DEFENDANTS-APPELLEES:          ROBERT B. WEISSMAN, Saretsky Katz Dranoff, LLP, New York, New York.

MATTHEW W. GRIECO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Glenn B. Allyn, a disbarred attorney proceeding pro se, appeals two orders of the district court.   The first order, issued July 30, 2013, dismissed Allyn's claims against defendants Gary Lee Heavner and Gia Morris on the ground of absolute prosecutorial immunity.[1]   The second order, issued May 4, 2015, granted summary judgment in favor of defendant Martin Ancin with respect to Allyn's false arrest, malicious prosecution, and abuse of process claims.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Claims against Morris and Heavner**

We review *de novo* a district court's decision to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007), or grant

---

[1] The July 30, 2013 order dismissed claims against other defendants as well.   On appeal, Allyn has not challenged the dismissal of those claims.

2

judgment on the pleadings pursuant to Rule 12(c), *see Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). In both cases, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Kirkendall*, 707 F.3d at 178; *Patane*, 508 F.3d at 111. To survive either motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Kirkendall*, 707 F.3d at 178-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon review, we conclude that the district court correctly dismissed Allyn's claims against Morris and Heavner on the ground of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). We affirm for substantially the reasons stated by the district court in its thorough July 30, 2013 decision. Two points warrant further discussion. First, Allyn contends that the dismissals were improper because, in Allyn's view, Ancin's deposition testimony established that Morris and Heavner were acting as investigators, rather than prosecutors, and because the district court dismissed the claims "with no evidence" that Morris was a prosecutor. This misapprehends the nature of the district court's dismissal, which was based only on the allegations on the face of the complaint. In any event, Allyn has not identified any act that Morris or Heavner took in their alleged capacities as investigators that caused Allyn harm. Second, Allyn alleges that Heavner failed to disclose a video that purportedly shows who cashed the $5,000 check that Allyn was suspected of misappropriating. Because this argument is raised for the first time on appeal, we decline to consider it. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).

3

## II.     Claims Against Ancin

We review orders granting summary judgment *de novo*.   "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).   We resolve all ambiguities and draw all factual inferences in favor of the nonmovant.  *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).

Upon review, we conclude that the district court properly granted summary judgment to Ancin on Allyn's claims of false arrest, malicious prosecution, and abuse of process.   We affirm for substantially the reasons stated by the district court in its thorough May 4, 2015 decision.

We have considered all of Allyn's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4