19-2506-cv
*Falu v. County of Orange*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GEISHA FALU,

                    *Plaintiff-Appellant*,

            -v-                                          19-2506-cv

COUNTY OF ORANGE, KENNETH JONES,
Individual Capacity, CARL DUBOIS,
Individual Capacity, KENNETH DECKER,
Individual Capacity,

                    *Defendants-Appellees,*

STEVEN GROSS, Individual Capacity,

                            *Defendant.* [*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        MICHAEL H. SUSSMAN, Sussman &
                                Associates, Goshen, New York.

FOR DEFENDANTS-APPELLEES:        SHARON K. WORTHY-SPIEGL, Deputy
                                County Attorney, *for* Langdon C. Chapman,
                                County Attorney, Orange County, Goshen,
                                New York.

Appeal from the United States District Court for the Southern District of

New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the orders and judgment of the district court are

**AFFIRMED**.

In this employment discrimination case brought pursuant to 42 U.S.C.

§ 1983, plaintiff-appellant Geisha Falu appeals the dismissal of her claims against

defendants-appellees County of Orange (the "County"), Carl DuBois, Kenneth Decker,

and Kenneth Jones.  In two orders, the district court first dismissed for failure to state a

claim all claims against the County, DuBois, and Decker and the hostile environment

claim against Jones, while allowing claims for discriminatory failure to promote to

---

[*]        The Clerk of the Court is respectfully directed to amend the official caption to conform
to the above.

proceed against Jones and defendant Steven Gross, Commissioner of Human Resources for the County, and second, after the claims against Gross were voluntarily discontinued, granted summary judgment dismissing the remaining promotion claim against Jones. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## BACKGROUND

The facts alleged in the amended complaint (the "Complaint") are assumed to be true, *see Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597 n.2 (2d Cir. 2020), and the evidence submitted in opposition to the summary judgment motion is construed in Falu's favor, *see Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008).

Falu is a female Corrections/Peace Officer who began working for the County in 2001. DuBois is the Sheriff of the County and final policymaker with respect to officer promotions. Jones is the Undersheriff for the County responsible for the day-to-day operations of the County Jail. Decker is the Corrections Administrator, with some responsibility for promotion decisions. Gross, as Human Resources Commissioner, was responsible for establishing lists of officers eligible for promotion.

On June 7, 2011, Falu took a promotion exam and scored an 85. From the exam results, Gross created an eligibility list that was valid until June 6, 2015. Individuals on the list were ranked by exam score, and those with the top three scores were reachable for promotion; where there was a tie, all persons with the same score

3

were equally reachable provided their score was among the top three scores. During the four-year period when the June 2011 eligibility list was valid, twenty men and no women were promoted to sergeant from the list.

Jones served as acting Jail Administrator from December 2012 to November 2013, during which time he approved the promotion of two men, both of whom scored higher than Falu on the exam, and both of whom were reachable on the eligibility list. Based on her score, the earliest Falu was reachable for promotion was May 2014. Although Falu was interviewed for a promotion to Corrections Sergeant on July 23, 2014, she was not selected.

Falu alleges that: women were passed over for promotions in favor of equally- or less-qualified men; DuBois, Decker, and Jones created a hostile work environment by giving preferential treatment to women who were in relationships with male officers as opposed to women who refused to engage in such relationships; and these practices amounted to a *de facto* policy of discrimination for which the County is liable.

On June 30, 2017, the district court partially granted defendants' motion to dismiss, and noted that the Complaint asserted claims of municipal and individual liability based on two theories of gender discrimination: defendants failed to promote female officers to the rank of sergeant and defendants created a hostile work environment for female officers who wished to advance. The district court concluded,

4

with respect to both the promotion and hostile environment claims, that the Complaint failed to state a claim for municipal liability against the County and that it failed to allege the personal involvement of DuBois and Decker.[1] The district court also concluded that the Complaint failed to state a hostile work environment claim as to any defendant. It denied the motion to dismiss the promotion claim against Gross and Jones. After Falu voluntarily dismissed her claim against Gross, on July 30, 2019, the district court granted summary judgment dismissing the sole remaining claim -- the promotion claim against Jones. This appeal followed.

## DISCUSSION

### I.  *Motion to Dismiss*

We review *de novo* the district court's grant of a motion to dismiss, accepting as true all facts alleged in the complaint and drawing all reasonable inferences in the moving party's favor.  *See Yamashita v. Scholastic Inc*., 936 F.3d 98, 103-04 (2d Cir. 2019).  To survive a motion to dismiss, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On appeal, the principal issues with respect to the district court's granting of the motion to dismiss are its dismissal of the claims against

---

[1]  Although the district court dismissed the claims against the County, Decker, and DuBois without prejudice, Falu never sought to replead the claims against them.

5

the County; the claims against Decker and DuBois; and the hostile work environment claim against Jones.

A. *Applicable Law*

A public employee who alleges sex discrimination in violation of the Fourteenth Amendment may bring a claim under 42 U.S.C. § 1983. *See Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019). "A municipality is liable under section 1983 only if the deprivation of the plaintiff's rights under federal law is caused by governmental custom, policy, or usage of the municipality." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). While municipal liability may be established by demonstrating a formal, officially adopted policy, liability may also attach through the decision of a final policymaker or where a widespread practice is so permanent and well-settled as to constitute a policy with force of law. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 694 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992). Isolated acts of non-policymaking individuals may form the basis of liability if "they were done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage" of which supervisors knew or should have known. *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

A prerequisite for claims under § 1983 against individual supervisors is the personal involvement of the individual in the alleged constitutional deprivation.

6

*See Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019).   A supervisory defendant is personally involved where he participated directly in the alleged violation, failed to remedy the wrong after being informed of it, created the policy under which the violation took place, or allowed an extant policy to persist or was grossly negligent in supervising those who committed the acts, or demonstrated deliberate indifference by failing to act on reports that violations were occurring.  *See id* at 36-37.

Hostile work environment claims brought pursuant to § 1983 are analyzed under the standards applicable to claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), *Naumovski*, 934 F.3d at 212, except that § 1983 requires that the alleged violation be committed by a person acting under color of state law, *see Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019).  To state a hostile work environment claim in violation of Title VII, a plaintiff must plead facts that would tend to show the conduct "(1) is objectively severe or pervasive -- that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted).  In determining whether a hostile work environment has been established, courts consider the totality of the circumstances, including the nature, frequency, and severity of the conduct as well as whether the conduct interferes unreasonably with an employee's work performance.

*See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993).   Episodic incidents are insufficient to establish a hostile work environment; rather, the incidents "must be sufficiently continuous and concerted."  *Bentley v. AutoZoners, LLC,* 935 F.3d 76, 90 (2d Cir. 2019).

   **B.**     *Application*

   The district court did not err in granting the motion to dismiss the claims against the County, the claims against Decker and DuBois, and the hostile work environment claim against Jones.

   First, as to the County, the Complaint does not allege an official or formal policy of preferring men over women in promotions or creating a work environment hostile to women.  *See Monell,* 436 U.S. at 694.  To plead a municipal liability claim, the Complaint must plausibly allege that the adverse employment action was either the result of a decision of a final policymaker or of a practice so widespread and permanent as to constitute a policy with the force of law.  *Id*. at 691, 694; *Sorlucco,* 971 F.2d at 870-71. Here, the Complaint relies on the decisions of purported final policymakers, as it alleges that: "the actions of defendants DUBOIS, Undersheriff JONES and their subordinate personnel who make recommendations concerning promotions collectively represent the policy and practice of the COUNTY within the Sheriff's Office."  J. App'x at 13.  The Complaint relies primarily on conclusory assertions.  The Complaint does cite the County's use of the eligibility list, but, as the district court noted, Falu does not plausibly allege how the use of the list -- which ranked candidates based on their

8

objective test scores -- discriminated against women. While the statistics -- twenty men and no women promoted from the list -- are "troublesome," S. App'x at 9, the Complaint fails to identify any male officer who was promoted over Falu who was less qualified than her, and it does not plausibly allege an underlying policy of discrimination against women in promotions in the Sheriff's office. As the amended complaint fails to plead sufficient facts to support municipal liability, the district court correctly dismissed the County from the suit.

Second, as to the individual claims against DuBois and Decker, the Complaint fails to sufficiently allege their personal involvement in the alleged discriminatory practices. The Complaint alleges only that DuBois was the "final policy-maker" with regard to promotions, J. App'x at 13, Decker was delegated responsibility for promotions, and they made promotions from the eligibility list. It does not allege that either was personally involved in any promotion decision affecting Falu. *See Brandon*, 938 F.3d at 36-37. Accordingly, the district court did not err in dismissing the claims against Decker and DuBois.[2]

Third, as to the hostile work environment claim against Jones, we agree with the district court that the Complaint fails to allege "any specific examples as to how

---

[2]     Falu argues on appeal that the district court misconstrued its own decision and did not in fact dismiss her failure to promote claim against the County, DuBois, and Decker. This argument is unpersuasive and rests on a misreading of the district court's decision. Indeed, in the conclusion to the motion to dismiss, the district court directed the Clerk of Court "to terminate as parties the County, Carl DuBois, and Kenneth Decker." S. App'x at 18.

Falu's work environment was hostile." S. App'x at 17. Instead, it alleges that on five occasions women were hired or promoted because they were in relationships with male supervisors. While these allegations may arguably give rise to a quid pro quo claim, the allegations are insufficient to plausibly state a hostile work environment claim. The Complaint does not allege severe or pervasive offensive conduct sufficient to create a hostile work environment.[3]

## II.     *Motion for Summary Judgment*

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A.     *Applicable Law*

To establish a *prima facie* case of discrimination, plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she was subjected to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Robinson*

---

[3]     This analysis applies to the hostile work environment claims against the County, Decker, and DuBois as well.

*v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015). If the plaintiff establishes a prima facie case, "the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). Finally, "[i]f the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (internal quotation marks omitted). To defeat summary judgment, "the [employee's] admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination." *Kirkland*, 760 F.3d at 225 (alterations in original).

**B.    *Application***

Falu argues that the district court erroneously granted Jones's motion for summary judgment on her failure to promote claim. We disagree. Construing the evidence in Falu's favor, the earliest she was reachable for promotion was May 2014. Jones stepped down as acting Jail Administrator in November 2013. Thus, by the time Falu was reachable for promotion, Jones was no longer involved in the promotion process. Nor is there any suggestion in the record that Falu ever complained to him about the promotion process such that he could have done something to remedy the alleged discrimination. *See Brandon*, 938 F.3d at 36-37. Moreover, when Jones served as

11

acting Jail Administrator, the two persons he approved for promotions both had higher scores than Falu and were immediately reachable for promotion pursuant to the eligibility list. Accordingly, we conclude that the district court did not err when it granted Jones's motion for summary judgment.

                                        *   *   *

        We have considered Falu's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk