09-0173-cv
Faul v. Potter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
        *Circuit Judges*,
RAYMOND J. DEARIE,[*]
        *Chief District Judge*.

-----------------------------------------------------------------

ROBERTA K. FAUL,

        *Plaintiff-Appellant*,

v.                                   No. 09-0173-cv

JOHN E. POTTER, Postmaster General of the United States Postal Service, a Federal Agency,

        *Defendant-Appellee*.

-----------------------------------------------------------------

APPEARING FOR APPELLANT:    MARC E. WEINSTEIN (David B. Guertsen, Conboy, McKay Law Firm, Watertown, New York, *on the brief*), Trevose, Pennsylvania.

---

[*] Chief Judge Raymond J. Dearie of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLEE:     RAY E. DONAHUE, Special Assistant United States Attorney (William F. Larkin, Assistant United States Attorney, Andrew T. Baxter, United States Attorney, Northern District of New York, *on the brief*),Washington, D.C.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 17, 2008, is VACATED and the case is REMANDED for further proceedings.

Roberta K. Faul appeals from an award of summary judgment in favor of her employer, the United States Postal Service ("USPS"), on her claim that the USPS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by retaliating against her for filing complaints of sex discrimination. Faul asserts that the district court erred by finding that she failed to raise a question of fact as to (1) whether a causal connection existed between her 2002 protected conduct and the USPS's 2004 decision to eliminate her full-time position, and (2) whether the USPS's 2004 decision (later rescinded) to impose a one-week suspension constituted an "adverse employment action." Faul also appeals the district court's denial of her motion to reconsider the summary judgment award.

Summary judgment is proper only "if there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review a summary judgment award de novo, "examining the facts in the light most favorable

2

to the non-moving party and resolving all factual ambiguities in that party's favor." Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir. 2009). We review the denial of a motion to reconsider for abuse of discretion. See Universal Church v. Geltzer, 463 F.3d 218, 228 (2d Cir. 2006). In applying these standards, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our ruling.

1. The Elimination of Faul's Full-Time Position

Although the district court's pretext analysis is commendably detailed and sensitive to Faul's arguments, we nevertheless disagree with its conclusion that Faul failed to adduce sufficient evidence to allow a reasonable fact-finder to find the requisite causal nexus between her protected activity and the USPS's decision to eliminate her full-time position. To be sure, the fifteen-month separation between Faul's May 2002 Equal Employment Opportunity ("EEO") complaint and the November 2003 "Function Four" audit that led to the March 2004 decision to eliminate her position would ordinarily undermine her claim, see Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001), but Faul here relies instead, as she may, on other evidence of Sands's retaliatory animus, see Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000) ("This Court . . . has consistently held that proof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment . . . or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant") (emphasis added). Causation evidence of a "minimal" or "de minimis" nature suffices at the prima

3

facie stage, <u>Zimmerman v. Assocs. First Capital Corp.</u>, 251 F.3d 376, 381 (2d Cir. 2001), and this Faul has adduced with her assertion that Sands threatened her job (and that of another female employee) in September 2002 coupled with Sands's refusal to deny the assertion.

We further conclude that, when viewing the record in the light "most favorable" to Faul and resolving "all factual ambiguities" in her favor, <u>Pyke</u>, 567 F.3d at 76, the question of pretext is genuinely trial-worthy. While the district court plainly appreciated the gravamen of Faul's pretext argument (that Sands was looking for a way to fire her and that the results of an audit, once commissioned, were inevitable), it resolved the ambiguities in the record that tended to support those arguments in the USPS's favor rather than in Faul's. For example, taking note of the evidence that Sands may have taken the unusual step of requesting an audit of his own office, the district court nevertheless relied, instead, on the testimony of USPS Northern Tier Operations Manager Mary Charney that it was she who made the decision.

Proceeding alternatively to assume that it was Sands who requested the audit, the district court concluded that the requisite causal inference was unavailable as a matter of law absent evidence that Sands's motives infected the views of the auditors. Here we disagree with the district court. Viewed most favorably to Faul, the record contains no evidence that the auditors' recommendation was the final word on Faul's employment status. Indeed, at oral argument, the USPS acknowledged that it was within Sands's discretion to reject the auditors' recommendation that Faul's position be eliminated. Thus, even accepting that the

4

auditors did their job correctly in reaching their apparently inevitable recommendation to excess Faul's position, the record here permits the inference that it was Sands's retaliatory motives that occasioned not only their arrival, but also the implementation of their recommendation, and that such animus was, therefore, "at least a substantial or motivating factor" in the elimination of Faul's full-time position. Raniola v. Bratton, 243 F.3d 610, 625 (2d Cir. 2001) (internal quotation marks omitted). The persistent discord between Sands and Faul during the fifteen months between her EEO complaint and the audit is not seriously disputed; at least one other worker in the Carthage Post Office believed the audit was probably an effort by Sands to eliminate Faul's position; and the Carthage audit may have been the first to result in the excessing of an occupied position.

For these reasons, we vacate and reverse the grant of summary judgment on this branch of Faul's retaliation claim and remand for trial.

2.    The Seven-Day Suspension

To prove retaliation, Faul must show that the USPS subjected her to a materially adverse employment action, i.e., one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). The USPS concedes that the district court erred as a matter of law in concluding that Faul could not prove that her suspension constituted such an adverse action in light of her own subsequent filing of a discrimination complaint. See Patane v. Clark, 508 F.3d 106, 116 (2d Cir. 2007).

5

Nevertheless, the USPS urges us to affirm on the ground that Faul's rescinded seven-day suspension cannot constitute an adverse employment action as a matter of law because she did not actually suffer any wage loss or other injury during that time. Cf. Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001) (holding that one-week suspension without pay is adverse action, even if pay is later reimbursed, because plaintiff "at least suffered the loss of the use of her wages for a time"); see also Nagle v. Village of Calumet Park, 554 F.3d 1106, 1120-21 (7th Cir. 2009) (holding that no adverse action occurred where plaintiff never served suspension); Baloch v. Kempthorne, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (same). Whether or not particular discipline would dissuade a reasonable worker in a particular job from making a charge of discrimination requires careful consideration of the totality of the circumstances. See White, 548 U.S. at 68 ("We phrase the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters."). In their totality, the circumstances here, we believe, render the material adversity of the seven-day suspension an issue not appropriate for summary disposition. We therefore vacate the district court's conclusion to the contrary and remand for trial.

3.  Motion to Reconsider

In light of our decision to vacate and remand the summary judgment award on both branches of Faul's retaliation claim, we need not consider her challenge to the district court's denial of her motion for reconsideration.

6

For the foregoing reasons, the district court's award of summary judgment on both branches of Faul's retaliation claim is VACATED and REMANDED for trial.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____