08-3689-cv
Williams v. New York City Housing Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand ten.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
      *Circuit Judges*,
RICHARD K. EATON,[*]
      *Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GINA WILLIAMS,

    *Plaintiff-Appellant,*

    v.                                                                          08-3689-cv

NEW YORK CITY HOUSING AUTHORITY,

    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| FOR APPELLANT: | GINA WILLIAMS, *pro se*, Springfield Gardens, NY. |
| --- | --- |
| FOR APPELLEES: | DONNA M. MURPHY, (Ricardo Elias Morales and Steven J. Rappaport,, *of counsel*) New York City Housing Authority, Office of General Counsel, New York, NY. |

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Gina Williams, *pro se*, appeals from a June 30, 2008 judgment of the District Court, which granted the motion for summary judgment of defendant-appellee New York City Housing Authority and dismissed her claims of employment discrimination and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.* On appeal, plaintiff argues that the District Court erred in granting defendant's motion for summary judgment because there was a question of material fact as to whether she suffered an adverse employment action. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's decision to grant summary judgment *de novo*, drawing all reasonable factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). Courts evaluate Title VII claims using the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Under *McDonnell Douglas*, a plaintiff must establish, *inter alia*, that he or she suffered an adverse employment action. *See, e.g.*, *McDonnell Douglas*, 411 U.S. at 802; *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007). Summary judgment is appropriate if a plaintiff fails to make this showing. *See McLee v. Chyrsler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997).

We have considered all of Williams's contentions on this appeal and have found them to be without merit. Substantially for the reasons stated by the District Court in its Memorandum and Order dated June 29, 2008, we conclude that Williams failed to establish that she suffered an adverse employment action or that she worked in an objectively hostile work environment. Accordingly, the June 30, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

2