10-1389-cv
Williams v. Time Warner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             GERARD E. LYNCH,
                     *Circuit Judges*.

_____

TÉRESA HUDSON WILLIAMS,

                     *Plaintiff-Appellant*,

             -v-                                    10-1389-cv

TIME WARNER INC., and LISA QUIROZ, individually and in her official capacity,

                     *Defendants-Appellees*.

_____


Appearing for Plaintiff-Appellant:     Stacey M. Gray, New York, N.Y.

Appearing for Defendants-Appellees:    Rachel G. Skaistis, Cravath, Swaine & Moore LLP, New York, N.Y.

Appeal from the United States District Court for Southern District of New York (Sullivan, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

In 2009, Téresa Hudson Williams filed suit in the Southern District of New York against her former employer, Time Warner Inc., and Lisa Quiroz, the company's Senior Vice President of Corporate Responsibility. Williams claimed, among other things, that defendants violated her rights under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination as well as retaliation against employees who complain about such discrimination. *See* 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The district court, however, granted a motion brought by defendants to dismiss Williams's complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim." Williams now appeals from the district court's order dismissing her lawsuit.

We review the district court's dismissal of Williams's complaint for "fail[ure] to state a claim . . . *de novo*." *Roth v. Jennings*, 489 F.3d 499, 509-10 (2d Cir. 2007). We assume that the parties are familiar with the issues on appeal as well as the facts of the case. As such, we only provide some brief context for the allegations before turning to Williams's arguments.

On August 6, 2007, Williams, who is an African American woman, started a new job at Time Warner Inc. as the company's Vice President of Diversity and Multicultural Initiatives. On November 30, 2007, Williams alleges that she "shared her concerns" with an employee in Time Warner's human resources department "about management's" mistreatment of her, including its "stereotyping her as an 'angry black woman.'" Six days after she made the complaint, she was fired.

As a preliminary matter, Williams argues that the district court erred by failing to consider documentary materials that were not included in her original complaint. This Court has made clear that a district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). In addition, this Court recognizes a narrow exception allowing a court to consider "a document upon which [the complaint] *solely* relies and which is *integral to the complaint*." *Roth*, 489 F.3d at 509 (alteration in original) (internal quotation marks omitted).

A mere passing reference or even references, however, to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989). Furthermore, the outside materials are not "integral" to the complaint given that it does not "rel[y] heavily upon [their] terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

With that preliminary question aside, we turn to the substance of Williams's Title VII claims. The first issue is whether the district court erred in granting defendants' motion to dismiss her discrimination claim. The language of Federal Rule of Civil Procedure 8(a) requires nothing more than "a short and plain statement of the claim." A complaint need only make "allegations plausibly suggesting" that a plaintiff has a viable claim, as long as those allegations "possess enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (internal quotation marks

2

omitted). The Supreme Court has written that Rule 8(a) "asks for more than a sheer possibility" – but something less than a "probability" – "that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation mark omitted).

In assessing claims of employment discrimination, this Court has made clear that there must be a causal connection between the discrimination and a plaintiff's race or gender – namely, that the plaintiff was discriminated against "*because of*" her race, gender, or other protected characteristic. *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (quoting *Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 189 (2d Cir. 2001)).

In this case, Williams fails to meet her burden, however minimal it may be. Williams alleges that Lisa Quiroz, a senior vice president at Time Warner, "claimed that" another vice president "complained that [Williams] was 'up in his face.'" The implicit argument in the complaint – and an argument now made explicitly on appeal – is that the phrase "up in his face" had racial overtones when it was said. But when it comes to language, context is key. Here, there simply is not enough of it to plausibly suggest that the comment was intended to have a racial sub-text.

The retaliation claim presents a closer question. A central part of any retaliation claim is that the "employee must show . . . that there was a causal connection between the protected activity and [any] adverse employment action." *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988). This Court has only required that a plaintiff provide *some* evidence of causation – even circumstantial evidence that an adverse action taken by an employer followed shortly on the heels of a discrimination complaint – in order to establish a *prima facie* case. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

In addition to establishing causality, however, a "plaintiff must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Manoharan*, 842 F.2d at 593 (internal quotation marks omitted). In this case, Williams's specific complaint "about management's . . . stereotyping her as an 'angry black woman'" plainly constitutes a claim that she faced discrimination in the workplace as a result of her race and gender. In dismissing Williams's case, however, the district court essentially concluded that the analysis of the sufficiency of a plaintiff's retaliation claim should mirror that of her discrimination claim. The court's implicit assumption seems to be that if one fails, the other must as well.

In this appeal, however, we need not reach the question of whether a complaint that fails to allege a plausible discrimination claim could nonetheless allege facts that render it plausible that a plaintiff's *belief* in the viability of her discrimination claim was "reasonable." *Manoharan*, 842 F.2d at 593. Williams's complaint merely provides a list of allegations of mistreatment by her employer and suggests the weakest of reasons that she believed her rights had been violated. As such, her claim does not state a plausible retaliation claim and must therefore be dismissed.

3

Accordingly, the order of the district court granting defendants' motion to dismiss the case is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk