12-3952-cv
*Dowrich-Weeks v. Cooper Square Realty, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:

> JON O. NEWMAN,
> RALPH K. WINTER,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MONET DOWRICH-WEEKS,

> *Plaintiff-Appellant*,

> v.                                          No. 12-3952-cv

COOPER SQUARE REALTY, INC.,

> *Defendant-Appellee*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    MAYA GINSBURG (Peter G. Eikenberry, *on the brief*), Law Office of Peter G. Eikenberry, New York, New York

FOR APPELLEE: KRISTIN M. BURKE (Robert A. Sparer and Stefanie R. Munsky, *on the brief*), Clifton Budd & DeMaria, LLP, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Monet Dowrich-Weeks ("Weeks") appeals from the district court's judgment entered September 4, 2012, dismissing her claims of discrimination and constructive discharge on the basis of gender, race, and religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), and her claim of hostile work environment in violation of 42 U.S.C. § 1981, against defendant-appellee Cooper Square Realty, Inc. ("Cooper Square"). *See Dowrich-Weeks v. Cooper Square Realty, Inc.*, No. 11 Civ. 5966, 2012 WL 3826981 (S.D.N.Y. Sept. 4, 2012). On *de novo* review of a motion to dismiss, we must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (internal quotation marks omitted). In conducting that review here, we assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues presented for review.

## A. Discrimination Claims

On appeal, Weeks argues that she established a *prima facie* case of intentional discrimination on the basis of gender and pregnancy.[1] Under the *McDonnell Douglas* framework, a plaintiff establishes a *prima facie* case of intentional discrimination by showing that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010).[2] The plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *See Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). As neither of the first two elements of the *McDonnell Douglas* test is in dispute, this appeal turns on whether Weeks alleged that she suffered an adverse employment action and that this adverse action took place under circumstances giving rise to an inference of discrimination.

Weeks alleges that she endured the following adverse employment actions: (1) A Cooper Square vice-president made negative remarks about her to a client; (2) Weeks was moved from an office to a cubicle; (3) Weeks was not permitted to take advantage of an alternative work schedule that allowed periodic work from home; and (4) Weeks was "demoted" from "Residential Manager" with oversight responsibilities over four-to-five residential properties to "On-Site Property Manager" with oversight responsibilities over only one property. None of the

---

[1] The complaint alleges discrimination on the basis of gender. Weeks explicitly discussed pregnancy discrimination for the first time below in her opposition to the motion to dismiss, **[ECF No. 9, at 4-5]**, and the district court did not address that claim. *Dowrich-Weeks v. Cooper Square Realty, Inc.*, No. 11 Civ. 5966, 2012 WL 3826981, at *1 n.1 (S.D.N.Y. Sept. 4, 2012). Even assuming that Weeks' allegations of gender discrimination gave adequate notice of her claim of pregnancy discrimination, as she argues on appeal, her argument lacks merit for the same reasons discussed herein.

[2] Claims brought under the NYSHRL are analytically identical to those brought under Title VII. *See Estate of Hamilton v. City of N.Y.*, 627 F.3d 50, 55 (2d Cir. 2010) (per curiam), *abrogated on other grounds by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013).

first three actions constitutes "a materially adverse change in the terms and conditions of employment" because such actions "must be more disruptive than a mere convenience or an alteration of job responsibilities." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008) (internal quotation marks and emphasis omitted). As to the fourth action, Weeks alleges no facts supporting her conclusory assertion that she was "demoted," such as her having received "a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) (internal quotation marks omitted). As Weeks did not allege that she suffered a materially adverse employment action, the district court properly dismissed her Title VII and NYSHRL discrimination claims.[3]

### B. Constructive Discharge Claim

"Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir. 2000) (internal quotation marks omitted). "[A] constructive discharge cannot be proven merely by evidence that an employee disagreed with the employer's criticisms of the quality of [her] work, or did not receive a raise, or preferred not to continue working for that employer. Nor is the test merely whether the employee's working conditions were difficult or unpleasant."

---

[3] Weeks' claims under the NYCHRL fail as well, even though the NYCHRL does not require that the plaintiff endure adverse employment actions that are "material." *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010). She did not allege facts giving rise to a plausible inference that the adverse employment actions she endured were motivated by discriminatory animus or that Cooper Square even considered her status as a pregnant woman in taking the challenged actions. Accordingly, the district court properly dismissed her NYCHRL discrimination claims.

4

*Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993). Rather, a "plaintiff may prove a constructive discharge by establishing that [her] 'employer, rather than acting directly, deliberately made [her] working conditions so intolerable that [s]he was forced into an involuntary resignation,' *i.e.*, 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 161 (2d Cir. 1998) (quoting *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir. 1983) (internal alteration omitted)).

The allegations presented in the complaint as described *supra* do not rise to this level when considered either individually or cumulatively. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 90 (2d Cir. 1996). We have previously found that conditions similar to those alleged by Weeks fall short of the standard for constructive discharge. *See Wanamaker v. Columbian Rope Co.*, 108 F.2d 462, 466 (2d Cir. 1997) (noting that the "denial of an office and telephone . . . standing alone, has never been held adverse action"); *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 360 (2d Cir. 1993) ("Nor is it sufficient that the employee feels that the quality of his work has been unfairly criticized."); *Pena*, 702 F.2d at 325-26 (holding that an employee cannot establish constructive discharge because he was dissatisfied with the nature of his assignments). Further, Weeks' claim of constructive discharge is undermined by the allegation in her complaint that she did not resign because of conditions at her workplace, but rather because "she could not arrange for childcare for five days a week." For these reasons, the district court properly dismissed Weeks' claim of constructive discharge.

5

### C. Hostile Work Environment Claim

To state a claim for a hostile work environment under federal law, a plaintiff must show that "the complained of conduct: (1) is objectively severe or pervasive − that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam) (internal quotation marks and ellipsis omitted).[4] "In order to prevail on a hostile work environment claim, a plaintiff must first show that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (internal quotation marks omitted). "Proving the existence of a hostile work environment involves showing both objective and subjective elements: the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive." *Id.* at 150 (internal quotation marks omitted). The plaintiff carries the "burden of showing . . . that the harassment she faced was rooted in her sex." *Brown v. Henderson*, 257 F.3d 246, 255 (2d Cir. 2001).

Weeks' hostile work environment claim fails for many of the same reasons as her constructive discharge and discrimination claims. Conduct alleged to have created a hostile work environment "must be more than episodic; [it] must be sufficiently continuous and concerted in

---

[4] Weeks' only federal hostile work environment claim was based on 42 U.S.C. § 1981, which protects against discrimination solely on the basis of race. *See, e.g.*, *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 260-61 (2d Cir. 2000). She did not allege that she was subjected to a hostile work environment in violation of Title VII, which would have provided a basis for her claim on account of her gender or pregnancy status. Weeks does not appear to have alleged that she was subjected to a hostile work environment in violation of the NYSHRL and the NYCHRL, which do permit claims based on gender and pregnancy status. Nonetheless, we conclude that it would be futile for her to amend her complaint to allege a sex-based hostile work environment for the reasons discussed in the body text.

order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted). Weeks' allegations consist of several isolated incidents over the course of a two-year period that do not rise to the level of frequency or severity necessary to establish a hostile work environment claim. Further, as discussed *supra*, Weeks has not presented sufficient factual allegations to suggest that "the harassment she faced was rooted in her sex" or any other protected characteristic. *Brown*, 257 F.3d at 255. Accordingly, the district court properly dismissed Weeks' hostile work environment claim.

**Conclusion**

We have considered all of Weeks' remaining arguments and found each of them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court