16-2671-cv
Tiffany v. Dzwonczyk, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand seventeen.

PRESENT: REENA RAGGI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　　　　　*Circuit Judges*,
　　　　　　JOAN M. AZRACK,
　　　　　　　　　　　　　　　*District Judge*.[*]

------------------------------------------------------------------------

RANDALL SCOTT TIFFANY,

　　　　　　　　　　*Plaintiff-Appellant*,

　　　　　v.　　　　　　　　　　　　　　　　　　No. 16-2671-cv

PHILIP J. DZWONCZYK, MEDICAL DIRECTOR, ACTING ADMINISTRATOR, BONNIE NORTON, DIRECTOR HUMAN RESOURCES, SUSAN PARKER, NUTRITIONAL SERVICES ADMINISTRATOR 2, DEBORAH MURPHY,

　　　　　　　　　　*Defendants-Appellees*,

CYNTHIA FAIRCHILD, NEW YORK STATE VETERANS HOME,

　　　　　　　　　　*Defendants*.

------------------------------------------------------------------------

FOR APPELLANT:　　　　　　Randall Scott Tiffany, *pro se*, McDonough, New York.

------

[*] Judge Joan M. Azrack, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLEES:                          Laura Etlinger, Assistant Solicitor General
                                        (Andrea Oser, Deputy Solicitor General,
                                        Barbara D. Underwood, Solicitor General, *on
                                        the brief*), *for* Eric T. Schneiderman, Attorney
                                        General of the State of New York, Albany,
                                        New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 5, 2016 judgment of the district court is AFFIRMED.

Plaintiff Randall Tiffany, *pro se*, sued his former employer, the New York State Veterans Home, as well as former supervisors and a co-worker under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*.   He here appeals the district court's *sua sponte* dismissal of his Title VII hostile work environment claim and its grant of defendants' unopposed motion to dismiss his FMLA retaliation claim.   We assume the parties' familiarity with the underlying facts and the procedural history of this case, which we reference only as necessary to explain our decision to affirm.

We review *de novo* the dismissal of a complaint, accepting the alleged facts as true and drawing all reasonable inferences in plaintiff's favor.   *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015).   Nevertheless, "bald assertions and conclusions of law will not suffice" to avoid dismissal, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted), nor will factual "allegations that are wholly conclusory," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).   Rather, a complaint

2

must plead sufficient "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1.      FMLA Retaliation

To state an FMLA retaliation claim, a plaintiff must plausibly plead that "(1) he exercised rights protected under the FMLA, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012) (internal quotation marks omitted).   An inference of retaliatory intent can be drawn from temporal proximity between the exercise of FMLA rights and the adverse action.   *See id.* at 152.

The complaint here fails to allege sufficient facts to admit an inference of retaliatory intent.   Allegations that Tiffany was terminated in October 2014, more than a year after returning from FMLA leave and after a year of unauthorized leave, fail to admit an inference of retaliatory intent based on temporal proximity.   *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 131 (2d Cir. 2012) ("While we have not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between a protected activity and an allegedly retaliatory action, courts in this circuit have typically measured that gap as a matter of months, not years." (internal quotation marks omitted)).   Tiffany argues that complaints he made to the Inspector General and Governor in June and August 2013 give rise to an inference of retaliation.   But these complaints were also too temporally removed from his termination

3

over a year later to admit such an inference. In any event, none of those complaints concerned FMLA leave, but only alleged "corrupt and illegal" acts, including nepotism and favoritism.

Accordingly, we conclude that Tiffany's FMLA retaliation claim was correctly dismissed.

2.      Hostile Work Environment

We reach the same conclusion as to dismissal of Tiffany's Title VII hostile work environment claim. "It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted). Failure to allege membership in a protected class or a relationship between adverse actions and protected class status warrants dismissal. *See id.* at 113.

Although Tiffany frames his hostile work environment claim as arising under Title VII, he fails to allege any facts suggesting a relationship between the adverse actions and his membership in a Title VII protected class. In his brief, Tiffany makes the conclusory assertion, unsupported by complaint allegations, that a court can infer that age discrimination prompted his hostile work environment. This argument fails because Tiffany explicitly brought his action under Title VII, which covers discrimination on the basis of race, color, sex, religion, and national origin, not age. *See General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586 (2004) ("Congress chose not to include age within discrimination forbidden by Title VII."). Moreover, the complaint makes no

4

reference to Tiffany's age.

3.       Conclusion

We have considered Tiffany's remaining arguments and find them to be without

merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court