Legrand v. Walmart Stores East

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand nineteen.

PRESENT: DENNIS JACOBS,
　　　　　　PIERRE N. LEVAL,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - -X

Chloe LeGrand, Angelina Mims,
　　　　Plaintiffs-Appellants,

　　　-v.-　　　　　　　　　　　　　　　　　　　18-171

Walmart Stores East, LP, Eileen Matranga, in her individual and official capacity, Karen Alles, in her individual and official capacity,
　　　　Defendants-Appellees.
- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          FREDERICK K. BREWINGTON, Law
                                        Office of Frederick K. Brewington,
                                        Hempstead, NY (Deborah H. Karpatkin,
                                        New York, NY, on the brief).


FOR APPELLEES:                          LISA M. GRIFFITH, Littler Mendelson P.C.,
                                        Melville, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **VACATED IN PART** and **AFFIRMED IN PART.**

Plaintiffs Chloe LeGrand and Angelina Mims appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, J.), dismissing their complaint against Walmart Stores East, LP (and employees) alleging discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12112 (the "ADA"), 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law. § 296 ("NYSHRL"), as well as conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3).   We accept the facts as plausibly pleaded in the complaint and assume the parties' familiarity with the procedural history and the issues presented for review.

The complaint alleges as follows.

LeGrand is a Black-Cuban-American woman with developmental delay, asthma, and fibromyalgia who worked at a Walmart store in Middle Island, New York, from February 2013 to August 2014.   Mims is LeGrand's mother and a patron of Walmart stores.   LeGrand's supervisor, Karen Alles, and Alles's supervisor, General Manager Eileen Matranga (both defendants), referred to

2

LeGrand and her mother using racial epithets on "several occasions" in conversations with other co-workers between February 2013 and August 2014. J. App'x 11. Mims and LeGrand do not allege hearing Defendants using that language first hand. They allege learning of it from LeGrand's co-workers.

After learning of the racist comments, LeGrand and Mims called Walmart's corporate office to complain, and Mims complained to Matranga. The abusive and discriminatory conduct thereafter escalated and included a comment by Alles to other Walmart employees that Mims is not LeGrand's true mother. Plaintiffs called Walmart's corporate offices to complain about Alles's comment and reported the comment to Matranga. After these complaints, Alles told other Walmart employees that LeGrand had had a miscarriage.

LeGrand unsuccessfully requested transfer to another Walmart store. When, in August 2014, LeGrand asked to take Fridays and Saturdays off to attend school, Matranga told LeGrand that her hours could not be changed and "that she would have to either quit school or quit her job." Id. at 15. Alles explained to another employee that Alles "was not doing anything for [LeGrand] because her mother almost made me lose my job." Id. Plaintiffs again called Walmart's corporate office to complain. Alles then disclosed information about LeGrand's disability to co-workers, called Plaintiffs "retarded," and retaliated by falsely accusing LeGrand of misconduct. Id. at 16. Alles also admitted to a co-worker that she was retaliating against LeGrand because of her complaint to Walmart's corporate office. LeGrand eventually quit "[a]s a result of this abuse and hostile work environment"—and to attend school. Id. at 16–17.

We review de novo a dismissal of a complaint for failure to state a claim upon which relief may be granted. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A Title VII complaint "need not give plausible support to the ultimate question of whether

3

the adverse employment action was attributable to discrimination," but must provide "plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

**1.** As to Mims, we affirm for the substantially the same reasons set forth in the district court's memorandum and order dated December 20, 2017. Plaintiffs concede that Mims lacks standing to bring employment discrimination claims pursuant to Title VII, the ADA, and the NYSHRL. See Reply Br. 13. As to retaliation, is doubtful that such a claim may be raised by someone who is not an employee of the defendant; but in any event, Mims has not alleged sufficient retaliatory action to state a claim. Finally, Mims's discrimination claims under § 1981 and the NYSHRL fail because she alleges no impairment of a contract, no actual or threatened denial of service, and no refusal or denial of access to Walmart facilities.

**2.** Many of LeGrand's allegations, on the other hand, are sufficient to support a prima facie case. LeGrand's employment discrimination claim pursuant to Title VII, the ADA, § 1981, and the NYSHRL is plausible. To state a claim under Title VII, a plaintiff must plausibly allege that (1) the employer took adverse action against her, and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). LeGrand's other employment discrimination claims are analyzed using the same standard. See Tolbert v. Smith, 790 F.3d 427, 434 (2d Cir. 2015). The adverse action element is satisfied by LeGrand's allegation of constructive discharge: Defendants' racist comments, harassment, and refusals to accommodate her transfer and scheduling requests when similar requests were "approved without any issues or the same level of scrutiny," J. App'x 15, are enough to make LeGrand's working conditions "so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." Chertkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996) (quoting Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987)). The nature of the comments supports an inference of discriminatory motive.

4

For many of the same reasons, LeGrand plausibly alleges a hostile work environment under the same statutes.   To state a hostile work environment claim, a plaintiff must allege that the complained of conduct (1) is objectively severe or pervasive in that it creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's protected characteristic.   See Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam); Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 20 n.4 (2d Cir. 2014).   Comments allegedly made by Alles and Matranga to LeGrand's co-workers satisfy each of these elements, even if they were not made in LeGrand's presence: reasonable people would find an environment to be hostile if supervisors make racist comments about them behind their backs.

For a retaliation claim to survive a motion to dismiss, the plaintiff must plausibly allege that the defendants (1) discriminated—or took an adverse employment action—against her (2) because she opposed an unlawful employment practice.   See Vega, 801 F.3d at 90.   In the retaliation context, an adverse employment action is one that "could well dissuade a reasonable worker from making or supporting a charge of discrimination."   Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006)).   LeGrand (and her mother) lodged several complaints with Walmart's corporate headquarters about the unlawful treatment alleged in the complaint.   LeGrand alleges that the hostile conduct directed against her escalated after the first two complaints and that, around the time LeGrand's scheduling and transfer requests were denied, Alles told a co-worker she was retaliating against LeGrand because of these complaints.   These facts are all that is required to raise inference of retaliatory conduct sufficient to withstand a motion to dismiss.

However, as the district court ruled, LeGrand failed to plead a conspiracy to deprive her of civil rights in violation of § 1985(3).   LeGrand's pleadings as to conspiracy are entirely conclusory and include no specific factual allegations of an agreement or a meeting of the minds between Alles and Matranga.   That claim was properly dismissed.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK