22-2010-cv
Billings v. Murphy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
              RAYMOND J. LOHIER, JR.,
              WILLIAM J. NARDINI,
                 *Circuit Judges.*

-------------------------------------------------------------------

MAUREEN M. BILLINGS,

      *Plaintiff-Appellant*,

           v.                                   No. 22-2010-cv

ROGER A. MURPHY, each sued in their respective official capacities with the State of New York and/or any of its agencies, and in their respective individual capacities; PAUL J. ARTUZ, each sued in their respective official capacities with the State of New York and/or any of its agencies, and in their respective individual capacities; DIANE CURRA, each sued in their respective official capacities with the State of

1

New York and/or any of its agencies, and in their respective individual capacities; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, as a necessary party,

       *Defendants-Appellees,*

STATE OF NEW YORK,

       *Defendant.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | STEPHEN BERGSTEIN (Frederick Kevin Brewington, Law Offices of Frederick K. Brewington, Hempstead, NY, *on the brief*), Bergstein & Ullrich, New Paltz, NY |
| FOR APPELLEES: | DENNIS FAN (Barbara D. Underwood, Judith N. Vale, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY |
| FOR AMICUS CURIAE UNITED STATES: | ANNA M. BALDWIN (Kristen Clarke, Tovah R. Calderon, Department of Justice, Civil Rights Division; Gwendolyn Young Reams, Jennifer S. Goldstein, Dara S. Smith, Gail S. Coleman, Equal Employment Opportunity Commission, *on the brief*), Department of Justice, Civil Rights Division, Washington, DC |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

Plaintiff-Appellant Maureen Billings appeals from an August 22, 2022 judgment of the United States District Court for the Southern District of New York (Román, *J.*) dismissing her retaliation and religious discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983 against the State of New York, the New York State Department of Corrections and Community Supervision (DOCCS), and several DOCCS employees. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand for further proceedings.

**BACKGROUND**

3

The following background is drawn from Billings's Second Amended

Complaint.   On October 14, 2016, Billings, a corrections officer employed by

DOCCS and a practicing Muslim, requested to wear a hijab at work in

accordance with her religion, which requires women to wear a hijab in the

presence of men outside of their family.   In mid-April 2017 DOCCS issued a

letter granting Billings's request subject to certain conditions, including that her

hijab tear off easily if grabbed and that her hijab be checked for compliance by

the Deputy Superintendent of Security.[1]   On or about April 28, 2017 Billings was

notified that she was approved to wear a hijab and began doing so immediately.

On May 2, 2017, Defendant Paul Artuz ordered Billings to report to his office to

discuss her accommodation.   Artuz stated that Billings's hijab needed to be 3

feet by 3 feet; when Billings asked Artuz to cite the authority for that rule, he

replied, "You can like it or take it off."   Joint App'x 23.   After Billings cut down

her hijab outside of his presence and returned, Artuz said,

> In order for you to wear your hijab into prison, you have three
> options.   Option number one, you can take your hijab off, and go to
> your post and continue to work.   Option number two, you can keep
> your hijab on and go home.   That is your choice and your right.   You

---

[1] At all relevant times relevant to this appeal, Defendant Roger Murphy, a man, was the Deputy Superintendent of Security.

have to deal with the consequences. Option number three, you have to demonstrate that your hijab could be pulled off quickly without you being choked. After all we would not want an inmate to choke you.

*Id.* Billings responded that she was willing to comply with the inspection so long as it was performed in front of a female supervisor because her religion prohibited her from removing her hijab in the presence of a man outside of her family. Artuz demanded that Billings remove her hijab in front of him, as he claimed that no female supervisors were available. Billings removed her hijab in front of Artuz. After suffering an anxiety attack as a result of her interaction with Artuz, she was sent home and told to fill out worker's compensation paperwork.

From May to August 2017 Billings was prohibited from returning to work because Defendant Diane Curra mistakenly identified errors on the mental health forms that Curra required Billings to complete before returning. On June 27, 2017, Billings was informed that she was removed from the payroll as of May 27, 2017. In August and September 2017 Billings filed several grievances with various internal departments, as well as the New York State Department of Labor, complaining about her treatment by Artuz and Curra. Billings was

5

finally permitted to return to work on December 7, 2017. From December 2017 to January 2020, Curra incorrectly marked her as absent without leave at least nine times. Billings was also "repeatedly harassed, bullied, and ostracized" by her colleagues. Joint App'x 34.

Billings brought this lawsuit in January 2019 claiming retaliation and religious discrimination in violation of Title VII and the First and Fourteenth Amendments under § 1983. The District Court granted Defendants' motion to dismiss all of her claims under Federal Rule of Civil Procedure 12(b)(6). Billings appealed.

## DISCUSSION

We review the District Court's grant of the motion to dismiss *de novo*. *Alix v. McKinsey & Co., Inc.*, 23 F.4th 196, 202 (2d Cir. 2022).

### I. Retaliation Claims

To plead a prima facie retaliation claim under either Title VII or in a First or Fourteenth Amendment retaliation case under § 1983, a plaintiff must allege that "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action."

6

*Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (Title VII); *see Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 82 (2d Cir. 2022) (articulating the same standard for First Amendment retaliation); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (analyzing Fourteenth Amendment retaliation under the Title VII framework).   Although "[i]t is, of course, true that temporal proximity can demonstrate a causal nexus," *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001), the temporal proximity must be "very close," *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

Billings identifies two instances of protected activity: her October 2016 hijab request and her August and September 2017 grievances.   Even if Billings's October 2016 hijab request constitutes protected activity, the seven-month period between her request and her dismissal is too attenuated to establish causation by temporal proximity.   *See id.*   Billings also does not adequately allege a causal relationship between her grievances and the harassment she endured sometime after returning to work in December 2017.   We thus affirm the dismissal of the retaliation claims.

7

## II. Religious Discrimination Claims

Billings also brings claims for religious discrimination in violation of Title VII and the First and Fourteenth Amendments under § 1983. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). To survive a motion to dismiss, "in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

As the Defendants acknowledged at oral argument, the denial of a reasonable religious accommodation absent a showing of undue hardship alters the "terms, conditions, or privileges of employment," *id.* § 2000e-2(a)(1), and thus

qualifies as an adverse employment action.  Oral Arg. Tr. 27:9–20.  We conclude that the refusal to accommodate Billings's request to remove her hijab in front of a female supervisor constitutes an adverse employment action because it is a "materially adverse change in the terms and conditions of employment" that is "more disruptive than a mere inconvenience or an alteration of job responsibilities."  *See Vega*, 801 F.3d at 85 (quotation marks omitted).  Contrary to the District Court's holding, Billings was not required to allege an *additional* adverse employment action, beyond the denial of her request for religious accommodation, to plead a claim of religious discrimination.  Because Billings has adequately alleged an adverse employment action, and the Defendants do not contend that Billings's request for a female supervisor was unreasonable or placed an undue burden on DOCCS, we vacate the District Court's dismissal of her discrimination claim arising from DOCCS's refusal to grant her request.

The Defendants argue that Billings accepted the conditions in her accommodation letter, including that she demonstrate to the Deputy Superintendent of Security that her hijab would tear off if grabbed.  We disagree.  As alleged, Billings timely rejected the condition that she remove her hijab in front of a male, explained the conflict with her religious practice, and

9

requested a female supervisor, which can be construed as either a request for modification to the original accommodation or a separate accommodation request.

Finally, the District Court also erred in dismissing Billing's religious discrimination claim insofar as it was premised on the adverse action being her dismissal, her removal from payroll, and the refusal to let her return to work, rather than the May 2 denial of accommodation. The District Court concluded that, although this series of events constituted adverse action, Billings did not plausibly allege an inference of discrimination as to that theory. We disagree. At the pleading stage, Billings is not required to plead more than a prima facie case under the *McDonnell Douglas* framework. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Billings alleges that she began wearing her hijab on or around April 28, 2017, and that she was dismissed on May 2, 2017, removed from payroll on May 27, 2017, and unable to return to work from May to December 2017. Given Billings's "minimal" burden at this stage, *see id.* at 308, these allegations support a plausible inference of discrimination.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District

10

Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for

further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11